UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Number: |
| v. | Violation: 18 U.S.C. § 371 – Conspiracy |
| AARON LUCAS ROSKIN RUDOLF, | |
| Defendant. | |

## Statement of Offense

The United States of America, by its attorneys, the United States Attorney for the District of Columbia and the Environmental Crimes Section of the United States Department of Justice Environment and Natural Resources Division, respectfully submits the following Statement of Offense in the above-captioned matter.

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything the defendant said, is it a recitation of all that the defendant said.

Had this matter gone to trial, the government's evidence would have shown, beyond a reasonable doubt, the following facts.

1.  Defendant AARON LUCAS ROSKIN RUDOLF (RUDOLF) is the sole owner, president, and chief executive officer of Rudy's Performance Parts, Inc. (Rudy's). RUDOLF founded Rudy's and incorporated the company in North Carolina in 2009. RUDOLF maintained operational and decision-making authority over Rudy's operations from 2009 to the present, and he financially benefited from the company's business.

2.  Rudy's was and is a distributor and seller of "aftermarket" automotive and truck parts; that is, parts installed and used on vehicles after they are placed on the market. Among other things, Rudy's bought aftermarket products from manufacturers and other distributors, and subsequently marketed and sold these products to other distributors and directly to end users. Rudy's also employed staff, including mechanics, who worked on customers' trucks at Rudy's.

3.  Vehicle and engine manufacturers install emissions controls at the time of manufacture to meet required emission standards established under the Clean Air Act (CAA). Emissions control systems for diesel vehicles include components such as the exhaust gas recirculation (EGR) unit, the diesel oxidation catalyst (DOC), the selective catalytic reduction (SCR) unit, and the diesel particulate filter (DPF). These components are connected to a computer module, known as the electronic control unit (ECU), which houses a computer component known as the onboard diagnostic system (OBD). The OBD monitors the operation

of the emissions control system, and it is a "monitoring device or method" required under the CAA. If emissions control components are disabled or removed, a normally functioning OBD will trigger a malfunction indicator light (MIL) on the dashboard and record a diagnostic trouble code (DTC) in the vehicle's computer. The OBD also may trigger the vehicle to go into "limp mode," which reduces the maximum speed of the vehicle until the malfunction is corrected.

4. Diesel exhaust is a mobile source air toxic because it poses cancer and noncancer health risks.

5. After disabling and/or removing the emissions control components on a vehicle, certain tampering with the vehicle's OBD will prevent it from detecting the disabling or removal. The act of disabling and/or removing emissions controls and tampering with the OBD is referred to as "deleting" a vehicle. As a result, the MIL and DTC will not be triggered, thus concealing the deletion of the emissions control components and avoiding "limp mode." Among other reasons, vehicles are "deleted" to improve power.

6. RUDOLF and others, including Rudy's and certain Rudy's employees, agreed to have Rudy's employees disable and/or remove the emissions control components and tamper with OBDs on diesel trucks. As part of this process, Rudy's sold, and its employees installed, certain defeat devices known as "tuners," which plug into the vehicle's OBD port to reprogram the ECU and

tamper with the OBD, thus impairing its required monitoring function. Beginning on a date no later than January 6, 2015, and continuing through 2017, employees of Rudy's disabled and/or removed the emissions control components, and tampered with the OBDs required under the CAA, on approximately 300 diesel trucks at the request of Rudy's customers. RUDOLF and certain Rudy's employees were aware that using the tuners in this manner would tamper with the OBDs on vehicles that were not used exclusively for competition purposes. The removal of emissions control components resulted in additional diesel exhaust emissions.

7.  As a result of this conduct, RUDOLF and Rudy's derived a pecuniary gain of at least $300,000.

8.  The defendant knowingly and voluntarily admits to all the elements of the offense to which he is pleading guilty: conspiracy to violate the Clean Air Act, 42 U.S.C. § 7413(c)(2)(C), in violation of Title 18, United States Code, Section 371. Specifically, the defendant admits that:

   a. That two or more persons conspired, or agreed to commit the crime of violating the Clean Air Act, 42 U.S.C. § 7413(c)(2)(C), by tampering with a monitoring device or method required under the Clean Air Act; and

   b. The defendant knowingly and voluntarily joined the conspiracy; and

    c. A member of the conspiracy did one of the overt acts described in the Information for the purpose of advancing or helping the conspiracy.

The defendant further knowingly and voluntarily admits that the facts set forth above meet each of these elements.

## Limited Nature of Proffer

9. This proffer of evidence is not intended to constitute a complete statement of all facts known by the defendant, but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: *Jennifer Leigh Blackwell*
Jennifer Leigh Blackwell
Assistant United States Attorney

5

TODD KIM
Assistant Attorney General
Environment and Natural Resources
Division

By: ___/s/___ for___
Krishna S. Dighe
Senior Counsel
Environmental Crimes Section

By: ___/s/___
Stephen J. Foster
Trial Attorney
Environmental Crimes Section

DATED: October 23, 2023

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

I have read every word of this Statement of the Offense. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 10/31/23

**Aaron Lucas Roskin Rudolf**
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 10/31/23

**Claire Rauscher**
Attorney for Defendant